HALL, Judge.
Mrs. M. G. Loubat, alleging that she had sustained injuries from a fall occasioned by stepping into a grass covered depression or trench abutting the sidewalk at the corner of Urquhart and Arts Streets in the City of New Orleans, brought suit against the City for $25,000.00 damages for such injuries. Her husband joined in the suit seeking to recover the sum of $300.97 representing his wife’s past and future medical expenses. The City of New Orleans entered a general denial; averred lack of actual or constructive notice of any defect in the walkway where Mrs. Loubat fell; and in the alternative plead contributory negligence on the part of Mrs. Loubat.
Following trial on the merits the District Judge rendered judgment in Mrs. Loubat’s favor for $1,500.00 and in her husband’s favor for $65.97 representing the actual medical expenses incurred by him. The City of New Orleans appealed. Plaintiffs answered the appeal praying that the damages awarded Mrs. Loubat be increased to the sum of $25,000.00.
The accident occurred at the corner of Urquhart and Arts Streets on July 20, 1963, shortly before 5 :00 o’clock P.M. The sun was shining brightly.
The corner of Urquhart and Arts Streets where the accident occurred presents a rather unusual situation. The sidewalks extending along both streets are paved with concrete. These paved sidewalks lie approximately five feet inside the street edges, but at the time of the accident there was no pavement leading from the sidewalks to the streets. The elevation of the sidewalks was 17" above that of the streets.
The center portion of Urquhart Street was black topped but it had open dirt gutters and no curb. A six inch concrete drainage pipe had at one time been laid in the gutter of Urquhart Street at its confluence with Arts Street and had been covered with shells. From this point the shells had been extended so as to form a sort of shelled path from the street edge up the slight slope toward the sidewalk area, and was used by pedestrians as the only hard surfaced connection between the two points. At the time of the accident the edges of the shell path were partially overgrown with grass.
Just before the accident Mr. and Mrs. Loubat had parked their car in the vicinity and were proceeding on foot to attend a. church wedding on Arts Street.
They walked from their parked automobile to the northwest corner of Urquhart and Arts Streets, crossed Urquhart Street in a southerly direction to the southwest corner of the intersection, and arrived at the shell path leading up to the sidewalk. Mrs. Loubat proceeded up the path ahead of her husband and just before stepping onto the sidewalk pavement she stepped into’ a grass covered depression or trench which caused her to fall forward onto the concrete-sidewalk and was rather painfully injured.
The record reveals that the depression or trench was approximately W/z wide and 12" deep and extended perpendicularly across the shell path right at the path’s supposed juncture with the end of the Arts-Street sidewalk, but was entirely covered with grass so high that its existence was concealed. Mrs. Loubat testified that the depression was entirely concealed by the-grass and that she naturally assumed that the shell path could continue to slope up to-join the concrete at the sidewalk level.
 It is well settled that in order for a municipality to be held liable for injuries caused by a sidewalk defect it must appear (a) that the defect was patently dangerous or in the nature of a trap, and (b) that the municipality had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to cor *89 rect it It is also well settled that the burden rests upon the plaintiff to prove both propositions. (See St. Paul v. Mackenroth et al., 246 La. 425, 165 So.2d 273; Miller v. City of New Orleans, La.App., 152 So. 141; Bond v. City of Baton Rouge, La.App., 129 So.2d 887.)
In his reasons for judgment dictated into the record at the close of the case the Trial Judge said in part:
“In the opinion of the court, the situation at this intersection at this time amounted to a trap, and this lady, even though contributory negligence is charged, the court can find none on her part whatsoever.”
We find no manifest error in these factual conclusions of the Trial Judge.
However, whether the City had notice or knowledge of the hazardous situation at the intersection presents a more difficult problem. There is not a line of testimony in the record which even tends to show such knowledge. All that is shown is testimony on the part of the City that it had had no previous complaints with reference to the intersection and that following receipt of notice of Mrs. Loubat’s accident it replaced the shell path with an asphalt ramp leading from the street to the sidewalk.
In his dictated reasons for judgment the Trial Judge made no comment on the subject of notice, hut did say that “ * * * it is the Court’s understanding that it is the obligation of the City of New Orleans to pave that particular portion of the sidewalk at the intersection.”
Testimony by a City inspector who inspected the scene after the accident was to the effect that the concrete sidewalks built by the owners in front of their properties along both Urquhart and Arts Streets “looked new” and were in good condition. The record does not show the date of their construction nor does it show when the concrete pipe was installed in the gutter of Urquhart Street nor when the shell path was constructed, although it is evident from the inspector’s testimony and from the photographs in evidence that the shell path long antedated the paving of the sidewalks.
Plaintiffs’ argument is as follows:
“ * * * At the time when the property owners built the sidewalk they necessarily applied to the City of New Orleans for building permits and pursuant to those permits issued by the City they constructed sidewalks that were seventeen (17") inches above the grade of the street. When those permits were issued by the City, the City had actual or at least constructive notice that there would be deep holes where the sidewalk ended.
“Additionally, the evidence is to the effect that the City of New Orleans sometime prior to this accident installed pipes or culverts in the gutter of Urquhart Street. They covered the pipe with shells and constructed the path from the street sidewalk leaving a foot and a half wide trench between the place where the path ended and the sidewalk began. When the City performed this work it had either actual or at least constructive (sic) that this trap was in existence.
“The doctrine of constructive notice has no application in this case because the City actually created the very trap which caused this accident.”
The trouble with plaintiffs’ argument is that there is not a line of testimony in the record to support it. We know only that the sidewalks looked new and were in excellent condition and that judging from the photographs the shell path had been in place a long time.
The length of the trench or depression into which Mrs. Loubat stepped did not extend beyond the width of the shell path and served no useful purpose. Whether the *90 trench was dug across the path in order to accommodate the concrete forms used by the contractor in laying the sidewalk or whether the path never did reach as far as the new sidewalk but was installed only to reach some former paved or dirt sidewalk laid closer to the street is not known. Certainly it is not shown that the City constructed the path towards the new sidewalk “leaving a foot and a half wide trench between the place where the path ended and the sidewalk began.”
Assuming arguendo that the owner applied for a permit to build the sidewalks (there is no proof of this) it does not follow that the City had any actual or constructive knowledge or notice that deep trenches would be left by the sidewalk contractor. Furthermore irrespective of whatever caused the trench we have no way of knowing how long it had been there prior to the accident It is true that the grass growing from the bottom of the trench had reached a height of more than twelve inches, but the accident happened in July and since grass grows very rapidly in the summer we cannot judge the age of the trench by the growth of the grass.
We are of the opinion that plaintiffs have failed to sustain the burden of proving that the City had either actual or constructive notice or knowledge of the hazardous condition at the intersection where Mrs. Loubat was injured.
For the foregoing reasons the judgment appealed from is reversed and it is now ordered, adjudged and decreed that there be judgment herein in favor of the defendant, The City of New Orleans, and against the plaintiffs, Mr. and Mrs. M. G. Loubat, rejecting said plaintiffs’ demands and dismissing their suit; plaintiffs to pay all taxable costs of both Courts.
Reversed and rendered.