235 So.2d 164 (1970)
Josie BELL, Wife of/and LeRoy GARRETT
v.
SEWERAGE & WATER BOARD OF NEW ORLEANS.
No. 3851.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1970.
Herman & Herman, Russ M. Herman and Maury A. Herman, New Orleans, for plaintiffs-appellees.
George Piazza and Vincent T. LoCoco, New Orleans, for defendant-appellant.
Before REGAN, SAMUEL and BARNETTE, JJ.
*165 SAMUEL, Judge.
Josie Bell, wife of, and LeRoy Garrett filed this suit against the Sewerage & Water Board of New Orleans for damages for personal injuries sustained by the wife and medical expenses incurred by the husband on her behalf. The injuries were suffered when she stepped on a metal storm drain catch basin cover belonging to the defendant and, because of its alleged defective condition, the cover "gave way" and caused her to fall. Defendant, a political corporation, answered in the form of a general denial and alternatively pleaded contributory negligence on the part of Mrs. Garrett.
After a trial on the merits judgment was rendered in favor of the wife in the sum of $750 and in favor of the husband in the sum of $103.93, the latter amount representing actual medical expenses. The Sewerage & Water Board has appealed. Plaintiffs have answered the appeal seeking an increase in the award for personal injuries.
The record consists of testimony given by four witnesses: the two plaintiffs; a sister of the plaintiff-wife; and a police officer who investigated the accident. As the plaintiff-husband was not present when the accident took place, all of the facts surrounding the accident were testified to by the other three witnesses. All of the four witnesses were called by plaintiffs; the defendant offered no evidence.
The accident occurred on South Rampart Street in New Orleans shortly before noon on a sunny day. The catch basin was located on the curb line between the sidewalk and the street. Mrs. Sheri Miller (the wife's sister), Mrs. Garrett and Mrs. Miller's son (who at the time of trial was out of this country as a member of the armed services and therefore not available as a witness) were walking towards Canal Street on the South Rampart sidewalk. When they reached the vicinity of Rampart and Perdido where there was a parking lot an automobile was parked in such manner as to partially block the sidewalk, causing the party to walk single-file around the car. Mrs. Miller, walking first, stepped on the storm drain cover, followed by Mrs. Garrett. Mrs. Miller crossed safely. When Mrs. Garrett stepped on the cover she testified "the lid flipped up and it jammed my leg and hurt my back and I fell."
When the police officer who investigated the accident arrived at the scene he found the catch basin cover was off its frame about one or one and one-half inches. He obtained some scrap plywood to cover the top of the hole, piled pieces of concrete on it, drove Mrs. Garrett to Charity Hospital in his police car, and made arrangements to notify the Sewerage & Water Board. As far as the officer could determine the catch basin cover fitted properly but was not in its proper place, i. e., it was not properly on its frame over the catch basin opening.
Our long settled jurisprudence is that in order for a public body (the defendant in this case is a public body) to be held liable for injuries caused by defects or defective conditions the plaintiff has the burden of pleading and proving both of the following: (1) such defects or conditions were patently dangerous or in the nature of a trap; and (2) the corporation had either actual or constructive notice of the same, actual notice being knowledge of the dangerous defects or conditions by a corporate officer or employee having the duty either to keep the property involved in good repair or to report defects and dangerous conditions to the proper authorities, and constructive notice being the fact that the defect or condition had existed for such a period of time it would have been discovered and repaired if the public body had exercised reasonable care. St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273; Breaux v. G. H. Leidenheimer Co., La. App., 204 So.2d 59; Loubat v. City of New Orleans, La.App., 185 So.2d 87; Foster v. Employers Liability Assurance Corp., Ltd., La.App., 129 So.2d 913; Bond v. City *166 of Baton Rouge, La.App., 129 So.2d 887; Miller v. City of New Orleans, La.App., 152 So. 141; James v. City of New Orleans, La.App., 121 So. 879.
As the rule just recited applies in the instant case, we must conclude plaintiffs have failed to carry their burden of proof. The testimony of the police officer, that the catch basin cover appeared to fit properly but was not in its proper place, is the only evidence in the record relative to the defect or dangerous condition of which plaintiffs complain and the record is devoid of any evidence showing or tending to show actual or constructive notice of that defect or condition on the part of the defendant. Under these circumstances, plaintiffs' suit must be dismissed.
For the reasons assigned, the judgment appealed from is annulled and reversed and it is now ordered that there be judgment in favor of the defendant, Sewerage & Water Board of New Orleans, and against the plaintiffs, Josie Bell, wife of, and LeRoy Garrett, dismissing said plaintiffs' suit; costs in both courts to be paid by the plaintiffs-appellees.
Reversed.