ELLIS, Judge.
This is a suit for damages for personal injuries suffered by plaintiff Ruth Wade when she fell into a hole located at the corner of Louisiana and Evergreen Streets in the City of Baton Rouge. The City of *316 Baton Rouge is the only defendant. After trial on the merits, judgment was rendered in favor of defendant and against plaintiff, and plaintiff has appealed.
On May 6, 1967, plaintiff was walking east on the south side of Louisiana Street, and on reaching the intersection of Evergreen Street, turned and crossed Louisiana, intending to walk north on the west side of Evergreen. As she came to the northwest corner of the intersection, she fell into a hole there and broke her leg. Plaintiff testified that she was walking in the street because there were no sidewalks. She was not aware of the existence of the hole, and did not see it before she fell into it.
From the record, we gather that water flowing out of the culverts under the intersection had eroded the subsurface soil under the pavement. As a result, the edge of the unsupported pavement broke off, leaving a hole which protruded into the paved surface of the intersection. From photographs in the record, it appears that the hole was readily apparent to the ordinary observer.
In order to recover in a case such as this, the plaintiff must prove:
“. . . (1) that the unsound condition complained of was patently or obviously dangerous to a reasonably careful and ordinarily prudent person, and (2) that the municipality had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to correct it.” St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273 (1964).
The existence and hazardous nature of the hole is readily apparent from the record. No evidence was offered to show that the City had actual notice of the existence of the hole.
 Constructive notice exists when it is shown that the hazardous condition had existed for such a period of time that it would have been discovered and repaired had the City exercised reasonable care. Garrett v. Sewerage and Water Board of New Orleans, 235 So.2d 164 (La.App. 4 Cir. 1970). Plaintiff does not have to show the actual length of time the defect has been in existence, but must prove its existence for a sufficient period to charge the City with constructive notice. This period, of course, will vary from case to case, depending on the facts thereof.
In this case, there is evidence showing the condition pre-existed plaintiff’s fall, but no evidence at all to show how long it had existed prior to the accident." Plaintiff has not satisfied the burden of proof required by law.
In oral argument, counsel for plaintiff advised the court that it was plaintiff’s position that the pavement had collapsed when she stepped on it, causing the fall. There is nothing in the record to substantiate this contention.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.