BEER, Judge.
Plaintiff-appellant, a lady of seventy years, sustained moderate injury to her right knee and low back when she allegedly tripped due to a defective sidewalk. From a judgment dismissing her claim, she appeals. We must affirm on the basis of the trial court’s factual determinations which are not manifestly in error.
On the evening of February 6, 1973 about 5:30 p. m. Mrs. Jefferson, walking in the 2600 block of Jackson Avenue, tripped over a protrusion in the sidewalk that apparently had existed there for some time. She had not previously traversed this area as a pedestrian. Upon leaving the lighted intersection of Magnolia Street and Jackson Avenue, she acknowledges that she did not look down to observe the unlit strip of sidewalk. Instead, she looked ahead — possibly to observe the bus on Claiborne Avenue that she hoped to “catch.”
The trial court found that the City had constructive notice of the defect, Wade v. City of Baton Rouge, 261 So.2d 315 (La.App. 1st Cir., 1972) but also concluded that Mrs. Jefferson “could not just go along blindly looking with her head into a cloud” and thus concluded that she was contribu-torily negligent in failing to observe “that kind of defect that if you were looking you would have had to seen the particular defect at the time.”
In Kidder v. City of Opelousas, 185 So.2d 66 (La.App. 3rd Cir., 1966) the court stated:
“Although a pedestrian is not required to look for hidden dangers, he nevertheless is bound to walk with his eyes open .and to observe his course to see what is open and apparent. He will be held to have seen those defects in the sidewalk which are obvious and can be noticed by a reasonable and prudent person, and he *852 cannot recover if injury is caused by his failure to see a danger which would have been apparent to a reasonably prudent and observant person.”
The obviousness of this particular defect in the sidewalk was substantiated by the testimony of a resident of the area, Gwen Thibodeaux, who was called as a witness by the plaintiff. On cross-examination she acknowledged that even from her porch (across the street from the sidewalk) she was able to view the protrusion.[1] The trial court determined that Mrs. Jefferson’s failure to notice must be attributed to her failure to exercise the care required. Her responsibility to exercise due care could not be lessened by the setting of the sun. She was still obliged to be mindful of the “well recognized fact that throughout every city there may exist irregularities in sidewalks . . . . ” Green v. Acosta, 173 So.2d 291 (La.App. 1st Cir., 1965).
Finding no manifest error on the part of the trial court, the judgment is affirmed at appellant’s cost.

Affirmed.

REDMANN, J., dissents.

. The following exchange took place between defendant’s counsel and plaintiff’s witness, Gwen Thibodeaux:
“Q Now, Mrs. Thibodeaux, you can see what the lady fell over from where you are sitting, right?
A Xes.
Q Could you see what she fell over?
A Yes, I could see, because I knew it was there because I had fell over it myself. And I know exactly what was there.
Q So you could see what she fell over?
A Yes.
Q From across the street?
A From across the street.
MR. TRACY:
No further questions.”