397 So.2d 835 (1981)
Clarence G. SIMONEAUX, Jr., et al.
v.
Marlene A. DAVIS, Joseph Greve, State Farm Automobile Insurance Co., and Allstate Insurance Co.
No. 10312.
Court of Appeal of Louisiana, Fourth Circuit.
April 2, 1981.
Joseph F. Bishop, Jr., New Orleans, for plaintiff-appellant.
*836 Jesse S. Guillot, New Orleans, for defendant-appellee State of Louisiana, Department of Transportation and Development.
John J. Maxwell, New Orleans, for defendant third-party plaintiff-appellee Department of Highways.
E. Kelleher Simon, New Orleans, for defendant third-party plaintiff-appellant Allstate Insurance Co.
Before BOUTALL, GARRISON and CHEHARDY, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court granting damages in the amount of $390,890.93 to plaintiff individually and as administrator of the succession of his deceased wife, and to plaintiff's minor children.
The suit is the result of an automobile accident which occurred on June 25, 1978, on Interstate 10 near the Broad Street overpassSouth Galvez intersection in the City of New Orleans. Defendant's vehicle was proceeding in the lefthand, southbound lane of the Interstate. Plaintiff's vehicle was proceeding in the lefthand, northbound lane of the Interstate. The Davis vehicle struck a large puddle of water; defendant lost control of the vehicle, which crossed the highway median, entered the northbound lane and struck the Simoneaux vehicle in a head-on collision. As a result of the collision, Clarence Simoneaux suffered severe personal injuries and his wife, Sandra Simoneaux, died several hours later.
After a full trial on the merits, judgment was rendered in favor of plaintiff and against Marlene A. Davis and her insurer, State Farm Mutual Auto Insurance Co. Additionally, plaintiff and Allstate Insurance Company, the plaintiff's insurer, had filed third-party petitions against the Louisiana Department of Highways. Allstate Insurance Company and the plaintiff has appealed the dismissal of the Louisiana Department of Highways.
On appeal, both appellants argue that the trial court erred in finding that the Department of Highways was not negligent in the design, construction, maintenance, and inspection of the highway, in finding that actual and/or constructive notice was required to support a judgment, in finding that the Department did not receive actual and/or constructive notice, and in failing to render judgment against the Department. Additionally, appellant Simoneaux further argues that the trial court erred in failing to award reasonable fees to plaintiff's expert.
In his written reasons for judgment, the trial judge found as follows:
"Needless to say, it would be fruitless for this court and this judgment to go into all the factual and legal arguments given to it by counsel of all parties, said memorandums being very well documented and thorough.
From this court's recollection of the facts there is no doubt that Miss Davis was driving an automobile on a day when it was either raining at the time she was driving it (or) had been raining prior to that time. The rain evidently was of sufficient quantity that a puddle of water accumulated at the spot where Miss Davis' car was going to be traveling. While the attorney representing Miss Davis contends that she was not negligent because the puddle in question should not have been there this court cannot conclude other than that it believes that Miss Davis did not use proper care because of the condition of the weather at the time and the fact that she was traveling on a trafficked road known as South Galvez Street and also referred to as expressway. These mediums of traffic are very dangerous ordinarily and in conditions which were not best conducive to driving, one driving must take into consideration the weather. This court believes that Miss Davis therefore was negligent in failing to use the necessary care required under the circumstances and conditions of the day in question.
The most emphasis of the case was directed, however, to the design and construction of this area of the expressway by the Highway Department and whether *837 or not actual or constructive notices had been given to the Highway Department as to the fact that water would accumulate at this particular location. Or that the drain located in this area was not properly functioning during the rainy weather. This court heard numerous experts, both from the Highway Department and from the Plaintiff, as to the design and construction of the drainage system leading from the roadway.
After hearing the testimony of all the experts, the court is of the belief that the Highway Department design and construction is not defective and that their drainage system was also not defective. To put the burden on a public body such as the Highway Department to constantly maintain a vigil over every square inch of expressway and its appurtenances such as drainage is a monumental task. While this court understands the theory of actual and constructive notices the court is not convinced that the Highway Department received either actual or constructive notice of the water accumulating to such an extent in the area as it allegedly accumulated on the date of the accident.
Allstate Insurance cites various cases in their memorandum as to failure on the part of the highway department to make safe defects in the road, to warn of dangers that might exist in the road and other factors that might cause injury to people traveling upon the highways. The problem that evidently occurred on the day in question, fortunately is not one that is an everyday occasion. That is to say, the occurrence of an accident where there is an accumulation of water is not as common as the accidents which result from so-called pot holes or obstructions or debris left in the expressway or its various lanes. This court, however, cannot at this time hold the State Highway Department to that high degree of care as third party plaintiff would want it to do under the circumstances, facts, and evidence I have heard."
As Miss Davis has not appealed the judgment against her, we pretermit discussion of her liability. We do agree, however, with the finding of the trial judge that Miss Davis was negligent and that she failed to exercise the due diligence and care required by a reasonable woman under similar circumstances.
Turning to the issue of liability on the part of the Department, we note that numerous experts were presented. The question of assessment of the credibility of competing expert witnesses is one better resolved by the trial judge who has the opportunity to observe the respective demeanors of the witnesses. In this area, as in other areas of factual determination, we cannot disturb the factual determinations of the trial judge unless upon our independent review of the record we find that he was manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (1978).
The evidence presented by the State's experts tended to show that the Highway was built as designed, that the design conformed to applicable standards for highway construction at the time of building and design, that reasonable inspection and maintenance precautions were taken, that any concrete cracks or breakage was probably the result of soil subsidence, and that the Highway stretch had been in use for over 15 years with a vehicle usage of 45,000 per day and that during this time only 5 complaints were registered prior to the accident, although the exact location of the areas complained of were not specifically pinpointed as the accident site. Based upon our independent review of the testimony, we cannot conclude that the trial judge was manifestly erroneous.
On the issue of strict liability under C.C.Art. 2317, we find that the trial court did not err in finding no liability. In Shipp v. Alexandria, 395 So.2d 727 (1981), the Louisiana Supreme Court re-affirmed the rule of Jones v. City of Baton Rouge, 388 So.2d 737 (1980) in stating:
"An injured party seeking damages under art. 2317 need not prove negligence, that is, that any particular act or omission on the part of the defendant caused his injuries. He must only prove that the *838 thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defect, that is, that it occasioned an unreasonable risk of injury to another, and that his injury was caused by the defect. Once these elements are proven, the custodian can escape liability only by showing that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Jones v. City of Baton Rouge, supra; Loescher v. Parr [324 So.2d 441 (1975)], supra.

In Jones v. City of Baton Rouge, supra, we held that municipalities and other public bodies may be found liable for damages for things in their custody, and that where delictual responsibility is based not on negligence but on legal fault under art. 2317, the fact of whether or not a public body had knowledge of the existence of the danger is irrelevant." (At p. 728).
In the instant appeal, the trial judge concluded that the harm was caused by the fault of a third person, Marlene Davis. Accordingly, strict liability under C.C.Art. 2317 does not apply.
Turning to the question of liability predicated upon negligence we note that in order for the state or a subdivision thereof to be found negligent, it is required that actual or constructive notice of the defect be present. Pickens v. St. Tammany Police Jury, 323 So.2d 430 (La., 1975).
The question of fact to be resolved by the trial judge was whether the 5 complaints over a 15 year period were sufficient to constitute actual notice. He concluded that they were not sufficient. Likewise, in the area of constructive notice it is required that the trial judge examine the duration of the existence of the puddle on an individual incident basis and the frequency of intervals of re-occurrence of the puddle in order to determine the history of the duration of the puddle. Loubat v. City of New Orleans, 185 So.2d 87 (App.4th, 1966) at 90. We find the evidence presented in order to give rise to the presumptive inference of constructive notice is insufficient and we cannot conclude that his factual determination was manifestly erroneous.
The last issue to be addressed by this court is the question of expert fees. The trial judge is granted considerable discretion in awarding of fees. We cannot conclude that the amount awarded constituted a clear abuse of that discretion.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.