400 So.2d 265 (1981)
Ronald A. HALL
v.
The CITY OF NEW ORLEANS and New Orleans Sewerage and Water Board.
No. 11983.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1981.
Rehearing Denied July 13, 1981.
*266 R. Ray Orrill, Jr., New Orleans, for plaintiff-appellant.
John A. Gordon, Sp. Counsel, Vincent T. LoCoco, Gen. Counsel, Gerard M. Victor, Senior Counsel, Sewerage and Water Board of New Orleans, New Orleans, Yada T. Magee, Asst. City Atty., George R. Simno, III Deputy City Atty., Salvador Anzelmo, City Atty., New Orleans, for defendants-appellees.
Before GULOTTA, GARRISON, and CHEHARDY, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court dismissing plaintiff's action for damages against the Sewerage and Water Board, sustained by him on June 30, 1978, when the drain cover upon which he was walking collapsed. Plaintiff also appeals from the trial court judgment granting the motion for a directed verdict made by the City of New Orleans. From that judgment, which we reverse in part and affirm in part, plaintiff appeals.
Civil Code Article 2317 provides in part as follows:
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody..." (emphasis added)
The only real issue on appeal is whether the defendants or either of them are liable under C.C. Art. 2317 and the reasoning of Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980).
In Jones, the Supreme Court held that neither actual nor constructive notice are required for C.C. Art. 2317 liability based on custody:
"Because the responsibility for preventing the unreasonable risk of injury to others is unconditional, the injured party seeking damages under article 2317 need not prove that any particular act or omission on the part of the defendant caused his injuries. He must only prove that the thing which caused the damage was in the care or custody of the defendant that the thing had a vice or defectthat is, that it occasioned an unreasonable risk of injury to anotherand that his injury was caused by the defect. Loescher v. Parr, 324 So.2d 441 ([La.] 1976), at 446-447; Verlander, Article 2317 Liability: An Analysis of Louisiana Jurisprudence Since Loescher v. Parr, 25 Loyola L. Rev. 263 (1979).
The issue presented by the Court of Appeal's application of article 2317 to the facts of this case is whether municipalities and other public bodies may be held liable for damages caused by things in their custody. The First Circuit had already found 2317 applicable in two prior cases but in Gallien v. Commercial Union Ins. Co., 353 So.2d 1127 (La.App.1977), in the context of a fact situation almost identical to the one presented here, the Third Circuit found that article 2317 was inapplicable. The Court of Appeal based that determination on "the long line of jurisprudence to the effect that actual or constructive notice to a public body is a prerequisite to its tort liability." 353 So.2d at 1130.
This statement of the law says both too little and too much. Proof of notice of the defect is indeed required when a plaintiff contends that a public body was negligent, either by virtue of specific conduct of its employees which created the dangerous situation (which is itself construed as notice), or by virtue of its failure to correct a dangerous condition caused by others. But, as we have demonstrated, negligence is only one of the footings on which the codal structure of tort liability rests. Where delictual responsibility is based not on negligence but on legal fault, under article 2317, a public body's knowledge of the existence of the danger is irrelevant. Liability is a consequence of the fact of ownership and custody in itself, not of the breach of a duty.

In Gallien, the Court of Appeal also indicated that public bodies should not be subjected to liability under article 2317 *267 because their vast operations and extensive property ownership would lead to "chaotic results." However, Article 12, § 10 of the 1974 Constitution states that "[n]either the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property." It is not the function of the courts to create an exception to this unequivocal constitutional rejection of the doctrine of sovereign immunity.
The only remaining question is whether the proofs required for the application of article 2317 have been made. From the testimony of defendants' employees, it is clear that the catch-basin and its cover were in the care or custody of the defendants; other testimony shows that the cover's defect was the cause of plaintiffs' damages. It is also obvious that the cover was defective, in the sense that the risk of falling four or five feet into a catch-basin as a result of stepping upon a presumably solid, firm metal surface is unreasonable. Once these elements are proved, the custodian can escape liability only by showing that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Loescher v. Parr, supra. Because none of these defenses was proved, defendants are liable for plaintiffs' damages."
(At 739-740.) (Emphasis added.)
In the instant appeal, the trial judge found that the cracked cover was a danger, a trap and a defect. He further found that the plaintiff was injured as a result of the defect and that the thing which caused the accident was in the care or custody of the Sewerage and Water Board, which maintained the catch basin. Having thus found the two requisite elements of C.C. Art. 2317 liability, the Sewerage and Water Board could escape liability only by showing that the harm was caused by the fault of the victim,[1] the fault of a third person or by an irresistible force. Inasmuch as the Sewerage and Water Board failed to prove any of the three elements which would relieve them of liability, the Sewerage and Water Board clearly is liable.
Turning to the issue of liability on the part of the City of New Orleans, we note that the City was dismissed as a party on a directed verdict midway through trial and that the trial continued against the Sewerage and Water Board as the sole remaining defendant. Upon review, we find that the evidence presented showed that the Sewerage and Water Board retained sole control and custody of the catch basin. Accordingly, the City was properly dismissed.
As we have found that the trial court committed an error of law in failing to find the Sewerage and Water Board liable under Jones, supra, it is incumbent upon this court to grant an award of damages.
Mr. Jones sustained injuries consisting of a one-inch laceration over the dorsad area of the right foot, as well as redness, swelling, drainage from the cut, and soft tissue inflammation. Additionally, he suffered a traumatic neuroma[2] which resulted in increased sensitivity in the injured area. Mr. Jones may be forced to undergo minor surgery to remove the neuroma.
The record indicates that Mr. Hall's past medical bills totalled $217.00 and that he has lost wages in the amount of $1,080.00. It further indicates that he will *268 have future medical bills in the amount of $300.00 for future minor surgery and that he will lose one week's wages or $180.00 as a result thereof. Additionally, this court finds that an award of $1,000.00 for past and future pain and suffering would be neither inadequate nor excessive.
For the reasons assigned, the judgment of the district court is affirmed in part and reversed in part and rendered as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that the motion of the City of New Orleans for directed verdict is granted and, accordingly, there be judgment herein in favor of the defendant the City of New Orleans and against plaintiff, Ronald A. Hall, dismissing plaintiff's suit.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of the plaintiff, Ronald A. Hall, and against the defendant Sewerage and Water Board, in the amount of TWO THOUSAND SEVEN HUNDRED SEVENTY-SEVEN AND NO/100 ($2,777.00) DOLLARS, plus legal interest from judicial demand until paid and costs.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] Defendants argue that they should be relieved of liability because plaintiff habitually parked his 18 wheel truck on top of the cover. Clara Boone testified that plaintiff parked his truck atop the cover. This testimony was in the nature of a casual remark. There was no effort to establish how often a truck was there, whether the truck was plaintiff's truck or belonged to someone else. There was no question asking Boone if she knew this from first-hand personal knowledge or the source of the statement. At the time of trial, it was an insignificant remark, hence, neither party pursued it any further.
[2] Neuroma"A tumor made up of nerve cells and nerve fibers; one growing from a nerve." Medical Dictionary for Lawyers, Mallory, 3rd Ed. (Callaghan & Co., 1960) p. 521.