436 So.2d 1305 (1983)
Ed LEWIS, Individually and as Administrator of the Estate of His Minor Child Reginald Joseph Lewis
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. CA 0468.
Court of Appeal of Louisiana, Fourth Circuit.
August 3, 1983.
Rehearing Denied September 22, 1983.
*1306 Favret, Favret, Demarest & Russo, J. Paul Demarest, New Orleans, for plaintiff-appellee.
Jesse S. Guillot, Philip K. Jones, Norman L. Sisson, Marshall W. Wroten, New Orleans, for defendant-appellant.
Before GARRISON, BARRY and BYRNES, JJ.
BYRNES, Judge.
This is a personal injury action. Reginald Lewis, minor son of Ed Lewis, plaintiff-appellee herein, was injured when he fell into a concealed open manhole. Suit was brought against the State Department of Transportation and Development in the Civil District Court for the Parish of Orleans. The trial court held for plaintiff awarding $10,364.00 in damages and the Department of Transportation perfected this appeal.

FACTS
On May 27, 1979 at approximately 12:30 A.M. Reginald Lewis, was returning to his home at 9612 Palm Street after a dance at Warren Easton High School. Reginald and his friends approached the intersection of Tulane and Carrollton Avenues, commonly known as the Carrollton interchange. At the interchange, Tulane Avenue runs beneath Interstate 10 and above a grass median area. Reginald and his companions proceeded across the median as a short cut to Reginald's house. Reginald was injured when he fell into an open manhole which was concealed from view by overgrown grass and weeds.

SPECIFICATION OF ERRORS
The State Department of Transportation and Development, defendant-appellant, specifies that the trial court erred in failing to conclude that:
1.) The proximate cause of the accident was Reginald's negligence in entering a restricted area;
2.) The plaintiff's injuries resulted from "victim fault"; and
3.) Reginald was a trespasser and should therefore be barred from recovery.

ERROR NO'S 1 & 2
By these assignments appellant contends that appellee's injuries were caused by his own negligence in entering a restricted area. Appellant argues that the doctrines of Victim Fault and Assumption of the Risk should bar appellee from recovering damages for his injuries.
Plaintiff instituted this action under Civil Code Article 2317, which states in pertinent part:
We are responsible not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.
It is well settled that under Article 2317 the plaintiff must prove that a dangerous condition existed and that this condition was such that it "posed an unreasonable risk of injury to others and that his damage occurred through this risk." Entrevia v. Hood, 427 So.2d 1146, 1148 (La.1983). Plaintiff must prove further that the area where the damage occurred was in the care and custody of the defendant at the time of the accident. Loescher v. Parr, 324 So.2d 441 (La.1975); Hall v. City of New Orleans, 400 So.2d 265 (La.App. 4th Cir.1981).
The record clearly establishes the following: 1.) a dangerous condition existed on the property: i.e. the concealed open manhole; 2.) plaintiff encountered this danger; 3.) the State Department of Transportation had control over the area and was responsible for cutting the grass and replacing missing manhole covers; and 4.) the area had been used by other pedestrians in the past. We find that the requirements of *1307 Article 2317 have been met and that the trial court was correct in determining that the concealed open manhole presented an unreasonable risk of injury to others.
The testimony at trial indicates that in order to gain access to the median where the injury occurred Reginald had to cross four Interstate 10 exit ramps and a set of railroad tracks. Appellant contends that in doing so, appellee violated LSA-R.S. 48:302 and 32:263(C) and thereby assumed the risk of any danger with which he may have been presented.
R.S. 48:302 provides in pertinent part:
No person has any right of access from or across controlled-access facilities to or from abutting lands except at the designated points at which access is permitted upon the terms and conditions specified from time to time.
R.S. 32:263(C), provides as follows:
The use of any Louisiana Interstate Highway by pedestrians, bicycles, or other non-motorized vehicles is prohibited.
In order to prove that plaintiff assumed the risk presented herein the Department of Transportation must show that: 1.) plaintiff knew and understood the risk; and 2.) he voluntarily chose to confront the risk. Dorry v. LeFleur, 399 So.2d 559 (La.1981). The record before us is barren of any such proof.
Plaintiff herein clearly violated R.S. 48:302 and 32:263(C) when he voluntarily crossed the exit ramps. Reginald knowingly confronted the risk of being injured by oncoming vehicular traffic, but, he did not confront the risk of falling into an open manhole. It is difficult to conceive how appellee could have consciously confronted a danger of which he had no prior knowledge and which was concealed from his view due to the State's failure to properly maintain the area.
Accordingly we find that appellee's injuries were not caused by victim fault and that he did not assume the risk of injury when he entered the median area.

ASSIGNMENT # 3
Appellant contends that Reginald's status as a trespasser should bar his recovery in this matter. In their supplemental brief to this court, appellant cites the recent Supreme Court case of Entrevia v. Hood, 427 So.2d 1146 (La.1983), as authority for this argument. In that case, the Court found that a land owner was not responsible under Article 2317 for injuries occasioned by a trespasser. However, the Court in Entrevia made special mention of the fact that the owner's property was completely remote, fenced off and clearly posted with "no trespassing" signs. These factors weighed heavily in the Court's determination that there was no danger posed to the general public.
In the case at bar, the record establishes that the area is heavily traveled and the fence surrounding the median area did not completely enclose the property. The trial court noted that stanchions, which appellant contends warn pedestrians to keep out, do nothing more than create a dead end street, clearly prohibiting vehicular traffic but allowing pedestrian traffic. Further, the area was void of "no trespassing" or any other appropriate warning signs. Hence, the situation presented herein is completely different from that found in Entrevia.
In the present case the State has failed to take effective measures to cordon off the area in question. Since the cost of protecting the public in this instance is insignificant relative to the risk of injury to pedestrians, we find that the trial court correctly determined that appellee's status as a trespasser should not bar his recovery herein.

CONCLUSION
Neither appellee's actions nor his status as a trespasser should bar his recovery as the concealed open manhole posed a danger to the general public.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED.