306 So.2d 62 (1974)
David CALIX
v.
John M. WHITSON.
No. 6585.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1974.
*63 Terrence J. Hand, New Orleans, for plaintiff-appellee.
Martzell & Montero, Frank E. Lamothe, III, New Orleans, for defendant-appellant.
Before REDMANN, BOUTALL, and BEER, JJ.
BEER, Judge.
This is a suit by Plaintiff-Appellee, David Calix, seeking return of a damage deposit in the amount of $150 held by Defendant-Appellant, John Whitson, the landlord of an apartment at 4403 Danneel Street, New Orleans, Louisiana. Amicable demand was made but Whitson refused to return the deposit claiming offsetting damages in the amount of $417.60 to the draperies and walls of the premises allegedly caused by appellee's negligent operation of the wall heaters. He also claimed that $112.50 was due in rent for the remainder of the month of October, 1973.
Trial in First City Court resulted in judgment in favor of plaintiff-appellee in the amount of $150 plus $200 in attorney's fees as allowed by LSA-R.S. 9:3253.
Defendant (plaintiff in reconvention) has perfected a suspensive appeal to this court. We affirm.
Appellant urges three grounds upon which the trial court erred:
1) Not applying the doctrine of res ipsa loquitur with respect to the damage to the premises;
2) Not finding that the withholding of the damage deposit was proper and not willful;
3) Not finding that rent was due for the remainder of the month of October, 1973.
Appellee asserts he caused no damage to the premises; his deposit was wrongfully withheld; and he was only obligated to pay rent for one week of October, 1973.
The doctrine of res ipsa loquitur is inapplicable in this situation. In order for it to apply, three requirements must be met:
"1) `the accident which damaged plaintiff was caused by an agency or instrumentality within actual or constructive control of the defendant'; 2) `the accident is of a kind which ordinarily does not occur in the absence of negligence'; and 3) `the evidence as to the true explanation of the accident is more readily accessible to the defendant than to the plaintiff'," Haymark and Sons, Inc. v. Prendergast, 268 So.2d 110 (La.App. 4th Cir. 1972). Although appellee lived on the premises during his tenancy, there was no proof that any negligent conduct occurred during that period. Appellant himself testified that he was not sure whether the apartment was cleaned and painted before appellee moved in. He only recalled that he usually followed this procedure with his apartments, but could not remember this one in particular. Nor is the alleged damage of a type which does not ordinarily occur in the absence of negligence. The heaters which caused the damage could have malfunctioned due to an accumulation of dirt, or from some inherent defect. There was no evidence to *64 show that appellee had been negligent. Finally, evidence to explain the damage was no more accessible to appellee than to appellant. The doctrine of res ipsa loquitur "may not be invoked where, from the facts presented, it could reasonably be concluded that the damage was caused by the fault of another, or that it resulted from circumstances not involving negligence on the part of the defendant," Romero v. Butcher Air Conditioning Co., 255 So.2d 132, 135 (La.App. 3rd Cir. 1971).
We next consider the issue of whether the withholding of the $150 damage deposit was proper. LSA-R.S. 9:3251-9:3254 provides that, on demand, the landlord must either return the damage deposit, or if used to offset tenant's default or damage, provide tenant with an itemized statement accounting for the proceeds. Upon a willful failure to return the deposit, the landlord, in the discretion of the court, may be forced to pay damages and attorney's fees. Here, appellee notified appellant of his intention to vacate the apartment and requested the return of his deposit. No action was taken by appellant until met by a demand from appellee's counsel. Thereafter, on or about October 25, 1973, he forwarded a statement allegedly accounting for the retained proceeds. The statement set forth appellant's contention that the walls in the bedroom, bathroom and living room were smoke damaged and that the draperies in these rooms had been damaged beyond repair. (Appelland, however, admitted at the trial that the curtains were simply cleaned and rehung.)
Appellee testified that smoke stains were on the walls when he moved in and further that the draperies had been dry-cleaned at his own expense at the commencement of his occupancy.
LSA-R.S. 9:3251-9:3254 was enacted to allow a tenant with an economically unfeasible litigious right to protect himself from arbitrary refusal by a landlord to return his deposit, Cantelli v. Tonti, 297 So. 2d 766 (La.App. 4th Cir. 1974). When a landlord cites specious, arbitrary, and capricious reasons for withholding a deposit, the statutes shall apply. We find no error on the part of the trial court in its application of these statutes in this case.
The final issue is whether appellee owed rent for the entire month of October, 1973 or only for the first week. The lease of the premises was from August 1, 1972 to July 31, 1973. At its expiration the parties made an oral month to month lease. Appellee testified that this agreement allowed him to terminate his occupancy at any time upon notice and payment of a pro rata share of the rent. Appellant denied this agreement and claimed that his agreements were all from month to month. This conflict in testimony was apparently resolved by the trial court in favor of appellee because it found appellant had accepted appellee's check for one week's rent.[*] We agree with this finding.
Appellee is entitled to a return of his $150 damage deposit. Since LSA-R.S. 9:3253 vests the court with the power to fix reasonable attorney's fees for noncompliance with LSA-R.S. 9:3251, we affirm the award for attorney's fees of $200.
The judgment of the Trial Court is affirmed, Appellant to pay all costs.
Affirmed.
NOTES
[*] The check was in the amount of $37.50 and stated on its face that it was for one week's rent from October 1st through 7th, the day Calix vacated.