BEER, Judge.
An oral agreement to a month-to-month apartment rental, at $200.00 per month, was confected between plaintiff-ap-pellee, Augustine Lugo (hereafter, “Lugo”) and defendant-appellant, Wayne H. Vest (hereafter, “Vest”). A condition imposed by Vest was a $100.00 “damage deposit” which would be returned, upon termination of the agreement, unless inspection revealed damages to the property. Exactly what “damages” were covered was, and continues to be, contraverted. When Lugo vacated the premises in late March of 1975, *973 he sought the return of his deposit following the provisions of LSA-R.S. 9:3251, et seq., which, as we have indicated previously, were enacted by our legislature to allow a tenant with an economically unfeasible litigious right to protect himself from arbitrary refusal by a landlord to return his deposit. See Cantelli v. Tonti, 297 So.2d 766 (La.App. 4th Cir., 1974) and Calix v. Whitson, 306 So.2d 62 (La.App. 4th Cir., 1974). Vest made a timely response to this demand by deducting $72.70 worth of items, listing same, and mailing a check for the balance ($27.30) to Lugo.
Lugo seriously questioned the withholding of any of his deposit; sought its full return and, failing that, instituted these proceedings which, after issue being joined and a reconventional demand made, were tried in the First Parish Court.
From a judgment in favor of Lugo in the total amount of $300.00 ($100.00 to cover return of deposit and $200.00 as provided in LSA-R.S. 9:3252) plus $250.00 attorneys’ fees and all costs, Vests appeals, assigning error to the trial court on procedural as well as substantive grounds. (The dismissal of the reconventional demand was not appealed.) We affirm.
Vest contends that Lugo was without a cause or right of action because he instituted suit on April 22, 1975, less than thirty days after he had vacated the premises and made formal demand for the return of his deposit. In our view, this contention is entitled to no greater consideration than a dilatory exception which, according to LSA-C.C.P. Article 928, can be waived by joining issue and permitting the matter to be litigated to judgment.
Turning to the merits of the case, we find no manifest error on the part of the trial judge who concluded that there was not a proper basis for Vest’s failure, upon demand, to return the full amount of Lugo’s deposit.
In each of these kinds of eases, the trial court, hearing the testimony and observing the demeanor of the witnesses, has the difficult job of drawing a fine line between a landlord’s comprehensible over-zealousness in his own behalf and a calculated intention to disadvantage an unsuspecting or unenlightened tenant. In such instances, small differences in factual conclusions can, of course, precipitate large differences in judicial result. Whether or not substantial charges for the replacement of a few light bulbs and the patching of a couple of small holes in screens falls into the first or the second category is a determination properly left to the trier of the facts who saw and heard the witnesses. We can conceive of situations where, depending on the amount of rent charged and the kind of premises rented, such charges might fall into the first category described instead of the second. In this case at any rate, the able trial court has made a determination that such “charges” triggered the application of the protective provisions of the applicable statutes, and our review of the record signals no compelling reason for us to substitute our judgment for his. Quite the contrary, we are in agreement with him, for, in our view, the record discloses a landlord who might, at best, be described as arbitrarily overzealous and who might be more even handedly described as clearly embarked upon the very conduct which LSA-R.S. 9:3251, et seq., seeks to proscribe.
The record indicates that the holes in the front screen door (for which the landlord claims a $10.00 repair fee) and the burn of the formica cooktop (a $5.00 claim) actually existed before Lugo moved into the apartment. The replacement of light bulbs (a $11.70 claim) is a maintenance item and is not “damage.” The hole behind the front door (a $3.00 claim) was caused by the absence of a door stop which is not attributable to Lugo. Replacement of bathroom tile (a $28.00 charge) was a repair required because of faulty plumbing which had been reported to the lessor, Vest. The labor claimed for door knob replacement for the bathroom door was abandoned at trial. The only “damage” claim that had any justification whatsoever was one for three *974 small holes in the rear screen door, but the charge for repairing same (alleged to be $10.00) was not proven.
Lugo has answered the appeal, seeking both an increase in the amount of attorneys’ fees for the trial court proceedings and attorneys’ fees for this appeal. We believe that the amount awarded by the trial judge was not manifestly erroneous and will not disturb same. We do, however, conclude that Lugo is entitled to an additional award of attorneys’ fees for the handling of this appeal in the amount of $250.00.
Accordingly, the judgment of the First Parish Court for the Parish of Jefferson is, in all respects, affirmed, and it is now further ordered, adjudged and decreed there be judgment in favor of plaintiff-appellee, Augustine Lugo, and against defendant-appellant, Wayne H. Vest, in the additional amount of $250.00 to cover attorneys’ fees due for the handling of this appeal. All costs of these proceedings are to be borne by defendant-appellant.

AFFIRMED.