HEARD, Judge.
This suit was instituted by the plaintiff, Steve W. Sugulas, for injuries sustained while being given a medical examination at St. Francis Cabrini Hospital in Alexandria. Made defendants are Dr. Judith Buckley and her insurer, The St. Paul Insurance Company, Sisters of Charity of the Incarnate Word of the Diocese of Galveston, doing business as St. Francis Cabrini Hospital and its insurer, Argonaut Insurance Company.
Plaintiff, Steve Sugulas, entered St. Francis Cabrini Hospital in Alexandria in order to undergo tests to determine if he had a kidney stone. On April 11, 1974, defendant, Dr. Judith Buckley, administered an intravenous pyelogram, referred to as an I.V.P., to plaintiff. This procedure involves the physical introduction of a needle into a vein in the patient’s arm, through which a dye is injected. The dye ultimately works its way into the urinary tract, thus enabling the existence of a kidney stone to show on x-ray.
Dr. Buckley applied a tourniquet above the site of the injection and this caused the vein to stand out and become larger and *857 more visible under the skin. However, she missed the vein when she inserted the needle and proceeded to puncture the artery which was located approximately one-half inch below the vein and through a thick layer of muscle tissue. As a result of the arterial puncture, a large hematoma and a false aneurysm developed in the artery, necessitating vascular surgery; and, from this surgery, there is scarring of plaintiff’s arm.
At trial, Dr. Hovnatanian, a vascular surgeon, and Dr. Chadwick, a radiologist, both stated that the procedure followed by the defendant was correct. However, Dr. Hov-natanian stated that he had never accidentally punctured an artery in administering an I.V.P., although he further stated that the more tests one administers, the more probable it is that one will have an accident. Dr. Chadwick, who has given some 5,000 I.V.P.’s stated that he had inadvertently punctured an artery several times, but in those cases, either the person was obese, or the artery was displaced. Neither condition existed in this case.
The trial court found that Dr. Buckley had not been negligent in administering the test and rendered judgment in her favor. Plaintiff appealed.
Plaintiff asserts that the trial court erred: (1) In its failure to apply the doctrine of res ipsa loquitur and failure to shift the burden of proof to the defendant to show freedom from negligence; and, (2) in determining that there was no negligence on the part of Dr. Judith Buckley.
The doctrine of res ipsa loquitur is applied when (1) The accident which occurred is a kind which ordinarily does not occur in the absence of negligence; (2) the accident was caused by an agency or instrumentality within actual or constructive control of the defendant; (3) there is no evidence tending to show the activity which resulted in the injury; and, (4) the use of the doctrine should be limited to “untoward or unusual occurrences during the time of medical supervision.” Calix v. Whitson, 306 So.2d 62 (La.App. 4th Cir. 1974); Haymark and Sons, Inc. v. Prendergast, 268 So.2d 110 (La.App. 3rd Cir. 1972); McCann v. Baton Rouge General Hospital, 276 So.2d 259 (La. 1973). The doctrine may not be involved where from the facts presented it could reasonably be concluded that the damages were caused by the fault of another (besides defendant), or that it resulted from circumstances not involving negligence on the part of defendant, Romero v. Butcher Air Conditioning Company, 255 So.2d 132 (La.App. 3rd Cir. 1971).
In the instant suit, there is a body of evidence tending to show exactly what occurred, and there was no untoward or unusual occurrence during the time of medical supervision. Therefore, the trial court was correct in finding that the doctrine of res ipsa loquitur does not apply.
The standard of care required by a physician, surgeon or dentist was set out by our Supreme Court in Meyer v. St. Paul-Mercury Indemnity Co., 225 La. 618, 73 So.2d 781 (1953) as follows:
“A physician, surgeon or dentist according to the jurisprudence of this Court and of the Louisiana Courts of Appeal, is not required to exercise the highest degree of skill and care possible. As a general rule, it is his duty to exercise the highest degree of skill ordinarily employed, under similar circumstances, by the members of his profession in good standing in the same community or locality, and to use reasonable care and diligence, along with his best judgment in the application of his skill in the case.”
In the instant suit the evidence shows clearly that Dr. Buckley followed the usual and standard procedure for injecting dye into the patient’s vein. The evidence shows that it is a common occurrence for a doctor to miss a vein when he is trying to insert a needle in it and sometimes a needle strikes an artery.
Dr. Buckley testified that she has been performing this type of injection on patients for eight years and that during that time she has performed those injections at the rate of three to eight per day every day except Sunday. Assuming that she has averaged only three injections every day ex *858 cept Sunday, that would amount to more than 900 injections per year. It is apparent that she has performed thousands of I.V.P. injections, that is, she has injected dye into veins several thousand times in the past few years. She stated that she has missed the vein and punctured an artery on other occasions, although she has never before experienced a complication such as resulted in this case.
Two experts testified at the trial. Dr. O’Neal Chadwick testified for the defendant. He specializes in radiology as does Dr. Buckley. He stated that arteries are pierced every day without any significant sequela and that he has inadvertently or unintentionally pierced an artery in the course of administering the I.V.P. He, like Dr. Buckley, had never heard of anyone developing a false aneurysm from the puncture of an artery as the plaintiff did in the instant suit. He stated that he has performed 5,000 I.V.P.’s in the past 15 years and that he inadvertently has punctured arteries probably ten times. He says that he accidentally punctured arteries twice during the past year while he was performing the same type of injections. Dr. Chadwick also says that arteries frequently are very close to the vein and that it is not surprising that in some eases, the doctor punctures the artery when he is trying to inject dye into the vein.
Dr. G. L. Hovnatanian testified in behalf of the plaintiff. Dr. Hovnatanian, however, specializes in general and vascular surgery, but he stated that he has performed very few I.V.P. injections such as was done in this case. He stated that he performed that type of injection over a period of six to seven years while he was serving as a house doctor, but that that was ten years ago. But, even when he performed them, he stated that it was not his duty, and he simply did it occasionally to help out other doctors, and that he only performed that kind of an injection “once in a while”. He further testified that although he never has occasion to perform the injections into veins as did Dr. Buckley, he had done “many penetrations of arteries in order to obtain angiograms, the due test.” He stated that for years he had no mishaps, but that during the past two years, he has had several of these. He concluded that when a person performs several of them a day as did Dr. Buckley, some mishaps will occur. He stated that mishaps occurred in his practice, although he “absolutely did not deviate in my standard technique which is protecting the patient at all times,” but that, “in spite of that the mishap can occur.”
We have found nothing in the testimony of Dr. Hovnatanian which in any way indicates that Dr. Buckley did not exercise the highest standard of skill and care required of any doctor in performing this type of injection.
Counsel for plaintiff argues that an accident of this kind “never happened to Dr. Buckley or Dr. Hovnatanian and had happened most frequently to Dr. Chadwick.” The record shows that Dr. Buckley and Dr. Chadwick both stated that it had happened to them on prior occasions. While it is true that Dr. Hovnatanian said it had not happened to him, he conceded that he had performed that type of injection on only a very few occasions during his entire practice. He conceded that several mishaps have occurred during the past two years in the type of injections he makes into arteries.
Counsel for plaintiff then argues that “none of the three doctors who testified in the trial stated that Dr. Buckley was free of negligence.” We disagree with that statement. It is true that none of them used the words that she was free of negligence, but both Dr. Chadwick and Dr. Hov-natanian made it clear that a mishap of this kind is bound to happen occasionally even to the most skillful doctor. It is also significant, we think, that none of the three doctors said that Dr. Buckley was negligent.
We find no manifest error in the trial court’s finding that Dr. Judith Buckley was free of negligence; therefore, the judgment of the trial court is affirmed. The costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
FORET, J., concurs in result.