SCHOTT, Judge.
Defendants have appealed from a judgment based on a jury verdict in favor of Mrs. Mourivert Mouton for damages to her hair after getting a permanent wave at the beauty parlor operated by defendants.
Mrs. Mouton received her permanent wave on Friday, November 29,1974, and on the following Sunday noticed that her hair was coming out. This continued and on the following Thursday she saw a dermatologist. He described the amount of hair lost as a massive amount which indicated a “tremendous insult” to her hair and said that this was the most extensive case of a loss of hair he had seen from a permanent wave. However, he found that the hair had broken and he did not expect any permanent damage to her hair.
Mrs. Mouton testified that her hair grew back but never regained its thickness. She testified that her social life during the following Christmas holidays and the Carnival season were limited because of her condition, and she was forced to wear wigs until the following May. In her place of employment at a hospital it was warm with the result that she suffered from itching and discomfort from the wigs. Furthermore, she suffered embarrassment in being called Kojak by children and being offered a lollipop by a neighbor as an indirect reference to the same fictitious television character known for his bald head.
The jury awarded Mrs. Mouton $6500 in damages, and on appeal the parties have stipulated the issues to be whether res ipsa loquitur applies and if so, is the quantum excessive.
The trial judge did instruct the jury on the doctrine of res ipsa loquitur. Defend *602 ants contend that plaintiff had the burden of proving negligence on the part of defendants and that the doctrine was unavailable under the circumstances of the case. They take the position that all of the evidence showed that defendants performed their work properly, and in the absence of some showing of negligence on their part plaintiff was not entitled to recover as a matter of law.
Defendants’ contention is not supported by the jurisprudence. In Sheppard v. Travelers Insurance Company, 333 So.2d 342 (La.App. 3rd Cir. 1976), Horton v. Seligman and Latz, Inc., 260 So.2d 731 (La.App. 4th Cir. 1972), writ refused, 262 La. 191, 262 So.2d 788, and Martin v. Lehmann, 147 So.2d 243 (La.App. 4th Cir. 1962), the doctrine of res ipsa loquitur was applied in the same type of cases. In Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972), the court reiterated the principle that the doctrine of res ipsa loqui-tur applies in a situation where the circumstances are of such an unusual nature as to justify, in the absence of other evidence bearing on the subject, the inference that the accident was due to the negligence of the one having control of the thing which caused the injury.
Under the facts of this case where this lady had had many permanent waves in her lifetime without incident, had suffered a loss of her hair on the second day after this permanent wave was administered and had the benefit of an expert dermatologist who attributed the loss of her hair to the permanent wave, there was surely an inference of negligence on the part of the defendants and the burden was properly shifted to them to exculpate themselves by explaining to the satisfaction of the jury that this situation occurred without any negligence on their part.
As to quantum of general damages, we turn to Coco v. Winston Industries, 341 So.2d 332 (La.1977) for guidance. In that case the court reiterated its previous pronouncement in Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974), in which the court had said that the appellate court might consider awards in similar cases to serve as an aid to determine whether the trial court abused its discretion in the case under review. In Coco the court emphasized that a court of appeal may never disturb an award unless the record clearly reveals an abuse of discretion, and once the finding is made that there was an abuse of discretion in a case where the award was excessive it can be lowered only to the highest point within the discretion afforded the court.
Following these guidelines we have compared the $6500 award given Mrs. Mouton with the $1,000 award given in the Sheppard ease and the $1500 award given in the Horton case. In the former case plaintiff suffered hair breakage in the frontal portion of the scalp and her condition necessitated the wearing of a wig for approximately one year, in the Horton case an attorney at law who suffered hair breakage over her entire scalp necessitating hair treatments weekly and wearing of hair pieces for approximately five months was awarded only $1500. In the Sheppard case a number of other cases are cited and discussed and the maximum award was for $2500 to the plaintiff in Katz v. Employers Group of Insurance Companies, 204 So.2d 695 (La.App. 4th Cir. 1967) where she had a burned and irritated scalp and lost all of her hair on an area several inches in diameter. Considering the guidelines set forth by the Supreme Court in the Coco case, we have concluded that the award of $6500 does constitute an abuse of discretion and reduce the award to $3,000 which we consider to be the highest amount which could have been awarded within a proper exercise of that discretion.
The judgment appealed from is affirmed but is amended, and there is judgment in favor of plaintiff, Mrs. Mourivert Mouton and against defendants, Leon Godchaux’s Clothing Company, Inc. and Seligman & Latz of New Orleans, Inc., jointly and in solido in the sum of $3,000 with legal interest from date of judicial demand until paid, and for all costs of these proceedings.
AFFIRMED AND AMENDED.