GARRISON, Judge.
Plaintiff was a customer of defendant’s beauty salon for several years. In mid December of 1975 and on April 30, 1976 Mr. Lemon gave Mrs. Benton permanent waves. Plaintiff claims that the last permanent damaged her hair and that Lemon negligently applied the wrong chemicals and improperly applied the treatments.
The trial court specifically found there was no showing of negligence. The record supports this finding. We affirm.
Plaintiff’s expert, Mr. Angelo Pa-vone, testified that the products used by the defendant were proper and indeed of “better” quality. The record also shows that the plaintiff had been having her hair colored every 2-3 weeks for 14 years. Inasmuch as plaintiff’s expert testified that any chemical treatment damages the hair, the alleged condition of plaintiff’s hair cannot be attributed solely to the April 30, 1976 *921 wave. Plaintiff herself testified that the hair “had been looking pretty bad” before the permanent. Furthermore, John Jay, who had worked on her hair occasionally over the years — was qualified as an expert and testified that he examined her hair after the treatment and found no change in its condition.
Plaintiff relied upon the doctrine of res ipsa loquitur.
The principle of res ipsa loquitur is a rule of circumstantial evidence. To invoke applicability of the doctrine, three requirements must be met: (1) The accident which damaged plaintiff must be caused by an agency or instrumentality -within the actual or constructive control of the defendant; (2) The accident must be of a kind which ordinarily does not occur in the absence of negligence; and (3) The evidence as to the true explanation of the accident must be more readily accessible to the defendant than to the plaintiff. See Calix v. Whitson, 306 So.2d 62 (La.App. 4th Cir. 1974); Wells v. Woman’s Hospital Foundation, 286 So.2d 439 (La.App. 1st Cir. 1973), writ refused 288 So.2d 646; Haymark and Sons, Inc. v. Prendergast, 268 So.2d 110 (La.App. 3rd Cir. 1972); 25 La.L.Rev. 748, 750.
Sheppard v. Travelers Ins. Co., 333 So.2d 342 (La.App. 3rd Cir. 1976) at 344. However, the invocation of this doctrine does not relieve the plaintiff of the burden of showing that she was damaged. La.C.C. Art. 2315. This plaintiff failed to do.
Similar cases involving hair damage can be distinguished on the facts:
Bethancourt v. Employers Liability Assurance Corp., 153 So.2d 921 (La.App. 4th Cir. 1963), found a cosmetologist negligent for failing to perform a test curl on bleached hair before applying a wave. In that case the plaintiff’s hair was not merely tinted as in the case at bar, rather her hair had been bleached and stripped, a much harsher process. In Mrs. Benton’s case defendant did employ a test curl. Plaintiff’s attorney makes much of the fact that the curl was not tested for the same length of time as Mrs. Benton’s hair. However, defendant testified he checked the condition of her hair itself. Furthermore, in the Be-thancourt case the plaintiff had a dermatologist examine her hair within a week of the treatment and he testified that her hair was completely dehydrated. Thus damage clearly was established in that case.
In Horton v. Seligman and Latz, Inc., 260 So.2d 731 (La.App. 4th Cir. 1972), w. d. 262 La. 191, 262 So.2d 788, plaintiff’s hair broke off over her entire scalp as a result of a negligently applied wave to her bleached hair.
In Katz v. Employers Group of Insurance Companies, 204 So.2d 695 (La.App. 4th Cir. 1967); Sheppard v. Travelers Ins. Co., supra, Mouton v. Godchaux’s Inc., 360 So.2d 600 (La.App. 4th Cir. 1978), the plaintiffs all suffered losses of hair. And in Bailey v. American Motorists Insurance Company, 189 So.2d 106 (La.App. 1st Cir. 1966) not only did the hair fall out, but plaintiff’s scalp was left raw and irritated. Thus in all of these cases, the damage was evident.
The trial court’s judgment in favor of defendant is affirmed.
AFFIRMED.