368 So.2d 1162 (1979)
John W. HANCOCK, Plaintiff-Appellant,
v.
SAFECO INSURANCE COMPANY et al., Defendants-Appellees.
No. 6872.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
*1163 Broussard, Bolton & Halcomb, Daniel E. Broussard, Jr., Alexandria, for plaintiff-appellant.
C. Edward Karst, Alexandria, Stafford, Trimble, Randow & Smith by James T. Trimble, Jr., Alexandria, Edward A. Kaplan, Alexandria, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
DOMENGEAUX, Judge.
This suit involves a tort action brought by the tenant of an apartment complex against the maintenance man, owners, and insurer of the complex in order to recover for personal injuries sustained when a refrigerator fell down a flight of stairs.
Plaintiff, John W. Hancock, rented a furnished apartment in the Bayou Rapides Apartments in Alexandria, Louisiana. The Bayou Rapides Apartments are owned by Eddie Knippers, I. W. Knippers, Sidney Cox, and Lamar Cox. The insurer is Safeco Insurance Company.
On December 30, 1976, plaintiff and his wife discovered that the refrigerator in their apartment was not working properly. After several calls were made to the manager's office reporting the difficulty, Mr. Grady Sitton, the complex's maintenance man, came out to investigate. This occurred at approximately 5:00 P.M. At this time, plaintiff was in his apartment.
Sitton discovered that the refrigerator was defrosting and would not switch on; however, inasmuch as the day fell before New Year's Eve, Sitton suggested that plaintiff wait until after the holidays to have the refrigerator repaired. When plaintiff complained of his food spoiling, Sitton offered him the use of another refrigerator until the one in the apartment could be repaired.
The extra refrigerator was located in a second floor apartment in another building of the complex. Plaintiff's apartment was located on the first floor. A problem was presented with regard to moving the refrigerator from its storage location to plaintiff's apartment. Moving the refrigerator entailed the necessity of going down a flight of stairs, consisting of fourteen steps.
Mr. Sitton's helper for the day had already left, and, therefore, Sitton and Hancock agreed that in order to bring the refrigerator down, both would work together in moving it. Mr. Sitton obtained a dolly, and he and plaintiff went to the storage room and strapped the refrigerator to the dolly. Sitton then rolled the refrigerator to the second floor landing of the staircase and instructed plaintiff to get in front of the refrigerator in order to support some of its weight. Sitton was to hold onto the handles of the dolly. The idea was to move the wheels of the dolly down the staircase, one step at a time.
Hancock and Sitton began to move the refrigerator down the steps in this fashion. However, after going down about three or four steps, control of the refrigerator was lost, and it came sliding down the stairs, pushing Hancock in the process. When Hancock reached the ground, he was able to throw his body out of the path of the refrigerator; however, the refrigerator either struck or landed on plaintiff's left heel, causing a bone fracture.
Plaintiff filed suit in tort against Sitton, the owners of the Bayou Rapides Apartments, *1164 and their insurer, Safeco Insurance Company. The owners and Safeco filed a third party demand against Sitton, alleging that Sitton was not covered by the insurance policy and that they would be entitled to reimbursement if they were found liable for damages as a result of Sitton's negligence. Both Safeco and the owners requested and were granted a trial by jury.
After the evidence was adduced, the jury returned a verdict in favor of all three defendants and against the plaintiff. The jury made specific findings of fact that: (1) Sitton was not guilty of negligence; (2) Sitton was not working in the course and scope of his employment; (3) Hancock was contributorily negligent; and (4) Hancock had assumed the risk. Judgment was rendered accordingly, dismissing plaintiff's suit at his costs.
From this judgment, plaintiff appeals, listing the following eight grounds of error:
(1) The trial court erred as a matter of law in failing to instruct the jury on the doctrine of res ipsa loquitur, despite plaintiff's request to do so and an objection for failure to do so;
(2) The jury erred in not finding defendant, Grady Sitton, guilty of negligence proximately causing plaintiff's injury;
(3) The jury erred in finding plaintiff guilty of contributory negligence causing the accident;
(4) The jury erred in finding that plaintiff had assumed the risk of injury to himself under the circumstances of this case;
(5) The jury erred in finding that Grady Sitton was not acting in the course and scope of his employment with Bayou Rapides Apartments at the time of the accident;
(6) The trial court erred as a matter of law in allowing counsel for Safeco and the owners of Bayou Rapides Apartments to cross-examine its own employee, Grady Sitton, despite plaintiff's objection;
(7) The trial court erred as a matter of law in failing to give the jury the opportunity to assess liability against the owners of Bayou Rapides Apartments, and in failing to instruct the jury concerning the lessor's legal obligations under the Civil Code and the liability that could arise from a lessor's negligence in fulfilling those obligations; and
(8) The trial court erred in entering judgment dismissing plaintiff's claim against the lessor and the liability insurer without the jury making a specific finding thereon.
With regard to plaintiff's first specification of error, we feel that this case is not a proper one for the application of res ipsa loquitur.
Res ipsa loquitur is a rule of circumstantial evidence which is applied in cases where the facts are such as to indicate that the negligence of the defendant, rather than some other as-plausible explanation, is the most probable cause of the injury. The principle serves as an aid to the plaintiff because, when properly applied, it gives rise to an inference of negligence which the plaintiff places in the scales along with the other facts of the case in order to prove his position by a preponderance of the evidence. Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972).
The test of applying res ipsa loquitur is simply: Do the facts of the case indicate that the negligence of the defendant is the most plausible explanation of the accident? Stated differently, the test is: Are the facts of the case such as to suggest an explanation for the accident, other than the negligence of the defendant, which is just as plausible as one explaining the accident in terms of the defendant's negligence? When it can be shown reasonably that the accident could have occurred as a result of one of two or more causes, the rule cannot be invoked. Taylor v. CNA Insurance Group, 300 So.2d 479 (La.1974); Boudreaux v. American Insurance Company, supra.
Turning to the record in the instant case, only three witnesses were able to testify as to the events occurring during the actual operation of moving the refrigerator. These witnesses were plaintiff, defendant *1165 Sitton, and Scott Kuykendall, a fourteen year old who had witnessed the accident.
The testimony of Hancock and Sitton was consistent to the extent that neither could see the actions or movements of the other once they began to move the refrigerator down the stairs, because both testified that the refrigerator blocked their views.
Mr. Sitton stated that, all of a sudden, the entire weight of the refrigerator depended upon his support when he began to go down the steps. He testified that this weight was too much for one person to support, and, therefore, the handles of the dolly simply pulled through his hands. As a consequence, the refrigerator fell down the stairs.
Mr. Hancock stated that he was supporting the refrigerator from the bottom when, all of a sudden, the entire weight of the refrigerator came on him. He could no longer hold it and had to "ride" it down the steps.
Scott Kuykendall, who was twelve years old at the time of the accident, but fourteen years old at the time of trial, testified that he was standing on the second floor in the vicinity of the staircase landing, watching the moving operation. He stated that, all of a sudden, the refrigerator seemed to get away from Sitton, and it went down the stairs. He also stated that he could not see Hancock when the refrigerator actually slipped.
We do not think that the facts of this case indicate that the negligence of Sitton is the most plausible explanation of the accident. Under the above testimony, which is the only information available as to the actual occurrence of the incident, it is obvious that there are at least two explanations for the accident. It is just as reasonable to draw the inference that the accident occurred as a result of Hancock letting go of his end of the refrigerator, as it is to draw the inference that the accident occurred as a result of Sitton letting go of his end of the refrigerator.
Under these circumstances, the test for applying res ipsa loquitur is not met, and, therefore, we find that the trial judge was not in error by refusing to instruct the jury of the rule.
Plaintiff next contends that the jury erred in failing to find negligence on the part of Sitton.
We have carefully reviewed the evidence in this case and feel that plaintiff did not discharge his burden of proving negligence on the part of Sitton.
As indicated above, the testimony of neither Sitton nor plaintiff indicates which one of the pair was negligent, if either actually was. Plaintiff advances three theories of potential liability on the part of Sitton. He claims that Sitton was inattentive while going down the stairs, that Sitton should have warned Mr. Hancock of the potential dangers involved when moving a heavy refrigerator down a flight of stairs, and that Sitton should have warned plaintiff that the dolly had come loose before the refrigerator came down on plaintiff.
Sitton himself testified that he was paying close attention to what he was doing, and that he was watching his steps very carefully when going down the staircase. This testimony is uncontradicted. With regard to Sitton knowing about the difficulty in moving the refrigerator, and failing to warn plaintiff thereof, it is to be pointed out that both plaintiff and Sitton loaded the refrigerator onto the dolly. Both must have realized that the refrigerator was heavy. Furthermore, it takes no particular expertise to realize that moving a refrigerator down a flight of stairs is a difficult operation. We do not feel that Sitton was negligent in failing to warn plaintiff of the dangers involved.
The fact that Sitton did not inform plaintiff that the dolly had come loose is also not negligence on the part of Sitton within the context of this case. The accident occurred in a matter of seconds. Plaintiff was immediately below the refrigerator when it began to fall. Obviously, Sitton did not have time to tell plaintiff of this fact.
*1166 Having found no error on the part of the jury in absolving Sitton from negligence, it is unnecessary to discuss plaintiff's third, fourth, and fifth specifications of error, dealing with contributory negligence, assumption of risk, and whether Sitton was acting in the course and scope of his employment, respectively.
Plaintiff's next specification of error is that the trial judge should not have permitted counsel for Safeco and the owners of the apartments to cross-examine co-defendant Sitton during the trial.
As pointed out above, Safeco and the owners, as third party plaintiffs, filed a demand against Sitton, as third party defendant, contending that Sitton would not be covered by Safeco's policy, and contending that, if acting in the course and scope of his employment, Sitton would be responsible to his employer or to Safeco, as the insurer, for any damages they would have to pay as a result of his negligence. Thus, Sitton was an adverse party to Safeco and the owners insofar as the third party demand was concerned. As an adverse party, counsel for the third party plaintiff had the right to cross-examine Sitton under Article 1634 of the Louisiana Code of Civil Procedure.[1] Thus, the trial judge was not in error by permitting cross-examination. See Soprano v. State Farm Mutual Automobile Insurance Company, 246 La. 524, 165 So.2d 308 (1964); Giraud v. Clark, 354 So.2d 752 (La.App. 4th Cir. 1978).
In any event, we have also reviewed the testimony of Sitton while being cross-examined by third party plaintiffs and fail to find any reversible error in such testimony, even if the scope of permissible cross-examination was exceeded. The period of cross-examination was very brief, and most of the information elicited from Sitton was mere reiteration of what had already been revealed.
The final two specifications of error are bound together. Plaintiff maintains that two requested jury charges, dealing with the lessor's duty to repair leased premises and the lessor's responsibility for negligent execution of these repairs, should have been given, and that judgment should not have been entered dismissing plaintiff's claim against the apartment complex, without the jury making a specific finding thereon. Plaintiff had alleged in his pleadings that the owners of the Bayou Rapides Apartments were independently negligent in failing to provide adequate help to Sitton in order to move the refrigerator.
The requested jury charges read as follows:

"PLAINTIFF'S REQUESTED JURY CHARGE NO. 17
The Lessor is bound to deliver the thing leased in good condition and free from any repairs. During the continuance of the lease he ought to make all repairs which may accidentally become necessary.
Under Louisiana Law the Lessor must maintain the property in such condition as to serve the purpose for which it is leased. LSA-CC Articles 2692, 2693 et seq.; Bialy v. Katz, 273 So.2d 360 (La. App. 3rd Cir. 1973); Billeaudeaux v. Soileau, 303 So.2d 810 (La.App. 3rd Cir. 1974).

PLAINTIFF'S REQESTED JURY CHARGE NO. 18
Where a Lessor undertakes to make a repair and does so negligently, and injury *1167 results, then liability may be fixed upon the Lessor. Vignes v. Barbarra, 5 So.2d 656 (La.App.Orl.1942) and cases cited therein."
Although plaintiff may be correct in maintaining that an apartment complex could be liable independently for providing an inadequate staff, we do not feel that the requested jury charges reflect such a theory of liability. Under the facts of this case, we fail to discern a corollary between the landlord's duty to repair in a non-negligent fashion, and a landlord's duty to provide an adequate staff. Any responsibility to repair on the part of the landlord did not have causal connexity to the accident which occurred.
Since the requested jury charges were not reflective of the theory of liability urged, we find that the trial judge did not err by rejecting them.
Thus, the only basis for assessing liability against the owners of the apartments and their insurer remaining at the close of trial came by way of vicarious liability. Since the jury specifically found Sitton free from negligence, it follows that the apartment owners, and their insurer, Safeco, could not be vicariously liable. Thus, we discern no error on the part of the trial judge in entering judgment dismissing plaintiff's claim against them.
For the above reasons, the judgment of the District Court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] La.C.C.P. Art. 1634 provides:

"Any party or his representative may be called as a witness and cross-examined by the adverse party without the latter vouching for his credibility, or being precluded from impeaching his testimony, and immediately thereafter the witness thus called may be examined or cross-examined to the extent otherwise permitted by law upon the subject matter of his examination in chief by such adverse party. The court may permit the recall and further cross-examination of the party or of his representative as often as it deems such action to be in the interest of justice.
`Representative' as used in the paragraph above and in Article 1428(2) means an officer, agent or employee having supervision or knowledge of the matter in controversy, in whole or in part, whether or not he is in the employ of or connected with the party at the time his testimony is taken."