STOKER, Judge,
concurring.
I am not convinced that res ipsa loquitur applies under the facts of this case. However, I concur in holding that the Town of Ville Platte is liable to plaintiff. It is my opinion that liability should be imposed under LSA-C.C. 2317 as interpreted by Loescher v. Parr, 324 So.2d 441 (La.1975).
Admittedly, no one was able to discover a vice or defect in the manhole cover or manhole system. That is to say, no vice or defect in the specific sense was discovered. However, it is an undeniable fact that, for some unexplained reason, the cover came up and engaged the underneath parts of the plaintiff’s vehicle. Therefore, there was either an undetermined defect or the cover was temporarily askew or not in its proper place. Loescher v. Parr states the following: “This jurisprudence [jurisprudence previously discussed in the opinion] recognizes that the injured person must prove the vice (i. e., unreasonable risk of injury to another) in the person or thing whose act causes the damage, and that the damage resulted from this vice.” Article 2317 itself provides:
Art. 2317. Acts of others and of things in custody
Art. 2317. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
As Loescher v. Parr, supra, makes clear, liability results from mere guardianship or custody of the risk-creating thing or person. It stated that the legal fault thus arising is sometimes referred to as strict liability. It is in fact fault without negligence. In discussing other articles of the Louisiana Civil Code in which this principle had already been applied, the author of the opinion set forth the following rationale for application or determination of this type of non-negligent fault:
When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former’s part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others.
The fault of the person thus liable is based upon his failure to prevent the person or thing for whom he is responsible from causing such unreasonable risk *234 of injury to others. Thus, the person to whom society allots the supervision, care, or guardianship (custody) of the risk-creating person or thing bears the loss resulting from creation of the risk, rather than some innocent third person harmed as a consequence of his failure to prevent the risk. His fault rests upon his failure to prevent the risk-creating harm and upon his obligation to guard against the condition or activity (by the person or thing for which he is responsible) which creates the unreasonable risk of harm to others.
In this case the defendant clearly had the “supervision, care, or guardianship” of the “thing” which did the harm. The flying up of the manhole cover subjected the plaintiff to unreasonable risk of injury. Plaintiff was an innocent third person. The defendant cannot show any of the three types of defenses by which legal fault in such situations may be avoided, viz. that the harm was caused by the victim, by the fault of a third person, or by an irresistible force.
If the manhole cover was properly in place, then existence of a vice or defect is apparent in the fact that in traveling over it, the cover would rise up. It evidently has a built-in vice, as yet unexplained, consisting of a propensity to rise up under certain given conditions and circumstances. The only other explanations are that the cover Was not properly placed by defendant’s employees at some time or was tampered with by a third person or persons. In the latter instance the clear import of the language Loescher v. Parr is that defendant bears the burden of proving that the harm was caused by the fault of a third person.
If the above amounts to inferring a vice or defect from the facts, it would appear that support for making such inferences has been indicated by the Louisiana Supreme Court in Marquez v. City Stores Company, et al., 371 So.2d 810 (La.1979), decided May 21, 1979.[1] See Wolverton v. City Stores Company, 363 So.2d 1321 (La.App. 4th Cir. 1978). In the Marquez case a child’s, tennis shoe caught in a descending escalator. The father of the child who was standing on the same step as the child could not explain how the accident occurred. The Court of Appeal found that the store owner could not have anticipated the accident and the plaintiff had failed to prove a defect or vice in the escalator through which the damage occurred. Nevertheless, the Louisiana Supreme Court reversed the Court of Appeal and imposed strict liability under LSA-C.C. 2317 and Loescher v. Parr, supra. In the course of its opinion the Supreme Court stated the following:
The record indicates that the plaintiff and his son were properly using the equipment for the purpose and in the manner intended; there was no finding of contributory negligence. Presumably, several hundred thousand people have used this same escalator since it was installed in 1972 without a foot becoming wedged in the side opening. The fact that this escalator caught this child’s shoe is an unusual occurrence in itself which would not have happened had this escalator not been defective.
For the foregoing reasons it is my view that strict liability under LSA-C.C. art. 2317 should apply in this case. In a sense it might appear that the guardianship which is the foundation for strict liability under LSA-C.C. art. 2317 and control which is the foundation for negligence based on res ipsa loquitur is the same. If they were I should be content to join in the principal opinion in this matter. However, Loescher v. Parr, supra, makes it quite clear that the word “custody” in LSA-C.C. art. 2317 which translates into guardianship is a much broader concept than control in res ipsa loquitur situations. In any event Loescher makes it clear that there is at least a distinction on the question of burden of proof. In relying on res ipsa loquitur the plaintiff bears the burden of proving what once amounted to exclusive control by the defendant although the burden as to the extent of control has been considerably liber *235 alized.[2] On the other hand, although the plaintiff in a res ipsa loquitur case can shift the burden to plaintiff by showing control by defendant, the latter can escape liability by simply showing no negligence on his part. Where the plaintiff relies on strict liability and establishes guardianship and control, it is enough, and the defendant bears the burden of proving victim fault, third party fault or irresistible force as a defense in order to escape liability.
In view of the fact that a manhole and its cover in a public street are under constant public use and contact and not under close control of a municipality, and in view of the rule which holds that res ipsa loquitur must be sparingly applied,[3] I would prefer to place the liability in this ease under strict liability.
I am aware that a decision of this circuit holds that the strict liability standard of LSA-C.C. art. 2317 does not apply to public bodies or municipalities absent notice and a reasonable opportunity to repair. Gallien v. Commercial Union Insurance Company, 353 So.2d 1127 (La.App. 3rd Cir. 1977) writ denied, 354 So.2d 1379 (La.1978) with two justices voting to grant the writ. However, in Durbin v. City of Baton Rouge, 366 So.2d 1020 (La.App. 1st Cir. 1978) our brothers of the First Circuit, noted our decision in Gal-lien but declined to follow it and applied LSA-C.C. art. 2317 to a municipality. In American Road Insurance Co. v. Montgomery, 354 So.2d 656 (La.App. 1st Cir. 1978) the First Circuit held LSA-C.C. art. 2317 applied to the Department of Highways although no liability was found because fault on the part of third person was shown. The Louisiana Supreme Court denied writs. 356 So.2d 430, 434 and 435 (La.1978).
Inasmuch as I am of the view that strict liability under LSA-C.C. art. 2317 does apply to public bodies and municipalities, I find no impediment to applying it in this case!

. Number 63,659 on the docket of the Louisiana Supreme Court.

. See Aetna Casualty & Surety Co. v. Rothman, 331 So.2d 81 (La.App. 1st Cir. 1976) and Hancock v. Safeco Insurance Co., 368 So.2d 1162 (La.App. 3rd Cir. 1979), writ denied, 1979, 369 So.2d 1377 (La. 1979). In Sugulas v. St. Paul Ins. Co., 347 So.2d 855 (La.App. 3rd Cir. 1977), in setting forth the elements required for applying res ipsa loquitur this court characterized the control required by stating that the accident must be “caused by an agency or instrumentality within the actual or constructive control of the defendant.” (Emphasis added.) But compare Llewellyn v. Lookout Saddle Co. et al., 315 So.2d 69 (La.App. 2nd Cir. 1975).

. Cousins v. Henry, 332 So.2d 506 (La.App. 4th Cir. 1976); Spiers v. Lane, 278 So.2d 549 (La. App. 1st Cir. 1973) and Day v. National U. S. Radiator Corporation, 241 La. 288, 128 So.2d 660 (1961).